IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH NOELL, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

                                CASE NO.: 8:08CV-00683-JSM-TBM

OCEANS CASINO CRUISES, INC.
d/b/a SUNCRUZ CASINO, INC.,

    Defendant.

DECLARATION OF STUART J. MILLER IN SUPPORT OF FEES SOUGHT IN JOINT MOTION FOR ORDER (1) GRANTING CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT ONLY; (2) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL; (3) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (4) APPROVING FORM AND MANNER OF NOTICE TO CLASS; (5) SCHEDULING A FINAL FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT; AND (6) FINALLY APPROVING THE SETTLEMENT

      Stuart J. Miller hereby declares the following under penalty of perjury:

**Background**

      1.      The Defendant is engaged in the business of on-board casino gambling. The Defendant owned and operated a facility headquartered at Treasure Island, John's Pass, Florida (the "Facility"). On or about March 25, 2008, the Defendant effectuated a plant closing and/or mass layoff at the Facility and terminated 106 of its employees without cause. The Plaintiff and the other putative class members were employed by the Defendant at the Facility until their termination without cause on or about March 25, 2008.

2. I am a member of Lankenau & Miller, LLP, one of the law firms that represents the Plaintiff in this action.

3. This declaration is submitted in response to this Court's Order of January 28, 2009, requiring Plaintiff's counsel to submit an affidavit in support of proposed Class Counsel fees as requested in the parties' Joint motion (a) for an order 1) granting class certification for purposes of settlement only; (2) appointing class representative and class counsel; (3) preliminarily approving settlement agreement; (4) approving form and manner of notice to class; (5) scheduling a final fairness hearing for the final consideration and approval of the settlement; and (6) finally approving the settlement.

4. The fee request in this matter is based upon controlling Eleventh Circuit precedent which states that the proper method for calculating attorney fees in a common fund class action case is the "percentage of the fund" method. *Camden I Condominium Assoc, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). The appropriateness of this method "rests on the perception that persons who obtain the benefit of the lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense."

**The Complaint**

5. On or about April 9, 2008, Plaintiff by his undersigned Counsel, filed the instant action (the "Complaint") in this Court. In the Complaint, Plaintiff alleged that he and the similarly situated former employees were entitled to receive sixty days' advance notice of layoff under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§2101 et seq. (the "WARN Act"). In the Complaint Plaintiff seeks sixty days' pay and benefits (less any voluntary payments provided by Defendant) for himself and the other former employees of Defendant who

2

were laid off on or about March 25, 2008. If the Plaintiff and the proposed class prevailed on these claims, the Defendant could be liable for as much as $350,000, exclusive of attorneys fees which if this matter went to trial could be as much as $250,000.

      6.     Defendant denies that any advance notice was required to be given under the WARN Act. Moreover, Defendant has asserted other defenses, including that (a) even if a "plant closing" or "mass layoff" had occurred, no notice was required because Defendant was actively seeking business or capital which, if obtained, would have enabled it to avoid or postpone a shutdown and it reasonably and in good faith believed that giving notice would have precluded it from obtaining the needed capital or business, and (b) Defendant acted in good faith and, accordingly, pursuant to the WARN Act, is entitled to a reduction of any award against it.

      7.     After an extensive sharing of information, arguments and supporting authorities, the Parties negotiated a proposed Settlement Agreement (the "Settlement"), which the Parties have sought approval of, and that, upon approval by the Court, will resolve all issues between the Defendant, the Plaintiff and the other putative class members relating to the WARN Act claims arising from the cessation of the class members' employment. The Settlement provides, among other things, for 1) a gross settlement payment of $190,000, to be paid by the Defendant over eighteen months; 2) the payment of a $3000 service fee from the Settlement Fund to the Plaintiff's in recognition of his service to the Class in this action and 3) attorneys' fees in the amount of one third of the Settlement Amount, minus the service fee, plus costs. The one third fees sought in this case amount to $62,327, plus costs in the amount of $5432 (i.e., approximately $51 per class member).

8. The settlement is the product of good faith negotiations conducted at arm's length by experienced counsel. Continued litigation would be costly and time-consuming. Further, even if Plaintiff were to prevail on his claims through dispositive motion or at trial, Defendant has shared information with Plaintiff's counsel which indicates that any such award of WARN damages would be uncollectible.

9. Plaintiff's counsel have diligently prosecuted this action. Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of the Plaintiff and the other employees laid-off by the Defendant. Having concluded that a WARN violation had occurred, counsel then drafted and prepared and served a Complaint against the Defendant. Soon after the filing of this case, and before Defendant was even served, the parties began engaging in good faith discussions to resolve the matter.

10. Plaintiff proposed two possible mediators to Defendant, one of whom was ultimately selected by the parties for the mediation. The parties were originally planned to mediate the matter in September 2008, but due to scheduling conflicts, were unable to do so until late October 2008. This case was formally mediated in Fort Lauderdale, Florida on October 23, 2008 and a settlement was reached which contemplates and encompasses a proposed settlement class of employees who are similarly situated to plaintiff.

11. According to a two-step approval process, the Parties have sought preliminary approval of the settlement agreement; approval of the form and manner of notice to the class and ultimately, final approval of the settlement agreement following notice to the class

of their right to opt-out and/or their opportunity to voice objections to the settlement or proposed attorney fees at fairness hearing for the final consideration and approval of the settlement.

**Plaintiffs' Counsel:**

**Lankenau & Miller, LLP., and The Gardner Firm, P.C.**

12. The following attorneys will share the fees in this matter:

a. **Stuart J. Miller**

13. I am a 1982 graduate of Brooklyn College and a 1987 graduate of Columbia Law School. I was admitted to practice before the courts of the State of New York in 1988 and I have been engaged primarily as a litigator. Since August 1997, I have almost exclusively been involved in WARN Act litigations. The firm I founded in August 2000, Lankenau & Miller, LLP has represented the plaintiffs and/or Class members of over 130 WARN Act Class or mass actions.

14. Since 2000, Lankenau & Miller has acted as cooperating counsel to the Maurice & Jane Sugar Law Center, a not for profit employee rights organization which has, for the last 15 years regularly been publishing an annual treatise on WARN Act litigation and which has testified on numerous occasions before Congress concerning the WARN Act.

15. Over the last ten years The Sugar Law Center has referred many hundreds of WARN Act inquiries to Lankenau & Miller for our investigation, evaluation, and advice. We also regularly receive requests for legal advice from attorneys- often requesting that we join them as co-counsel- as well as requests from employers asking us for advice concerning their duties to provide WARN notice

16. In 1998 and 1999, I was counsel in a class action adversary proceeding brought by some 250 former employees of Global Shopping Network, Inc. to recover 60 days of pay and benefits under the WARN Act in Bankruptcy Court for the Southern District of New York. This proceeding resulted in the recovery of about $1.2 million under the WARN Act. From May 2000 through 2004, my firm along with The Gardner Firm, represented WARN class claimants in the Charter Behavioral Health Systems Bankruptcy Court in Wilmington, Delaware. In that action, my firm along with four other firms, including The Gardner Firm, P.C., was appointed class counsel for a class numbering nearly 5,000 persons. That WARN class action was settled for some $15 million. From November 2001 to late 2004, my firm represented former employees of InaCom Corporation in a WARN action brought in the Delaware Bankruptcy Court. Eventually, a class of some 4,800 former employees was certified, my firm was appointed class counsel, and in late 2002, the suit was settled for approximately $3.7 million. From 2002 to 2006, my firm together with The Gardner Firm was class counsel to non-union employees in the Consolidated Freightways WARN action in the California Bankruptcy Court. In that case we were successful in obtaining a settlement in excess of 4 million dollars. From 2004 to 2007 my firm was counsel to some 300 employees of Able Labratories in the New Jersey Bankruptcy Court. That suit was settled for $950,000. Since April 2007, my firm has acted as counsel, together with The Gardner Firm, in approximately 30 WARN Act cases. At least seven of those cases have already been settled in amounts exceeding $500,000. My firm is currently counsel to more than 5,000 WARN claimants in some 25 other pending bankruptcy and District Court WARN actions.

17.     My firm has been appointed class counsel in over 40 WARN actions, including among others, Clark, et al. v. Aegis Communications Group, (D. CA) Case No. 05-3542; In re: Charter Behavioral Health Systems, LLC., (Bankr. DE) Case No. 06-16403; Santiago v. Dollar Land, Inc., (Bankr. PA) Case No. 02-14547; Carol, et al. v E & E Specalties, Inc., (Bankr. KS) Case No. 04-23197; Sharma v. Emergency Road Service, Inc., (Bankr. GA) Case No. 03-62949; Bajaras, et al. v. Gonzales, Inc., (Bankr. AZ) Case No. 02-15508; Cain, et al. v. Inacom Corporation., (Bankr. DE) 00-2426; Denino, et al. v. Penn Ameriacn Coal Company (D. PA) Case No. 03-0320; Adams, et al. v Preston Trucking Company (Bankr. MD) Case No. 99-59994; Nevins v. Teligent/IDT Corporation (D. NY) Case No. 03-CV4871; Quiroz v. Upright (Bankr. CA) Case No. 01-1224; In re Webyan Group, Inc., et al. (Bankr. DE) Case No. 01-2404'. In re Charter Behavioral Health Systems, LLC, Case No. 00-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 (Bankr. Del.); In re Classic Kitchens, Case No. 01-20393T (Bankr. E.D. Pa.); In re Global Broadcasting, Co., Inc., et al, Case No. 97B 44268 (PCB) (Bankr. S.D.N.Y.); In re Value America, Inc., Case No. 00-2269-WA3 (Bankr. W.D. Va.); In re Living.com, Inc., Case No. 00-12522 (Bankr. W.D. Texas); In re Tultex Corp. Case No. 99-03626-WA4-11 (Bankr. W.D. Va.); Ballentine et. v. Triad International Maintenance Corporation, Case No. 01-CV-10357-BC (E.D. Mich.); Baker, et al. v. National Machinery Company, et al., Case No. 3:02CV7444 (N.D. Ohio), Barajas et al v. Gonzalez Inc, et al., Case No. 02-15508 (Bankr. D. Ariz.), Walsh, et al. v. Consolidated Freightways Corporation, Case No. 03-1074 MG (Bank. C.D.Cal), Gardner, et al. v. Pillowtex Corporation, et al., Case No. 03-60213 (Bank. D. Del.), and Bandel et al. v. L.F. Brands Marketing, Inc. et al.,Case No. 04-CV-1672 (S.D.N.Y.). My firm has never been denied appointment as Class Counsel in a WARN action. Notably, in the Charter case, although over 12

7

firms filed complaints, the Bankruptcy Court approved my firm together with The Gardner Firm and three other firms as class counsel. In sum, my firm and I personally have handled more WARN Act cases than any other lawyer or law firm in the country.

18.  Annexed as Exhibit A is a list of all of the approximately 130 WARN Act cases in which Lankenau & Miller, LLP has represented the plaintiffs and/or class.

b.  **Mary E. Olsen**

19.  Mary E. Olsen is a partner at The Gardner Firm, P.C.. The Gardner Firm is principally located in Mobile, Alabama, with other offices in Birmingham, Alabama and Washington D.C. The Gardner Firm has lawyers admitted in five states. The firm specializes in labor and employment law and actively litigates such cases throughout the United States on behalf of labor organizations and private individuals. The firm also practices heavily in mass tort, class action, toxic tort and complex product liability litigation.

20.  She attended the University of Alabama School of Law and was admitted to the practice of law in Alabama in 1994 and in Florida in 1995. She is listed in Naifeth and Smith "The Best Lawyers in America," Labor and Employment Law, in the most recent edition of that publication. Her practice primarily involves labor and employment litigation. She regularly litigates employment cases before the state and federal courts in Alabama and has also litigated cases in the state and federal courts of Florida. She has served as class counsel in 12 other WARN Act class actions. Those WARN Act class actions include: <u>Charter Behavioral Health Systems, Inc., et al.</u>, Case No. 00-00989-01089 (Bankr. D. Del.) (class of approximately 5000 employees seeking WARN Act pay); <u>Eleanor Hoffman, et al. and International Association of Machinists and Aerospace Workers, Local Union No. 261, International Brotherhood of</u>

Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 and Glass, Molders, Pottery, Plastics and Allied Workers, Local 338, on Behalf of Bargaining Unit Employees of Mobile Pulley and Machine Works vs. Mobile Pulley and Machine Works and Mobile Pulley, LLC, Case No. 02-15612 (Bankr. S.D.Ala.) (class of approximately 45 employees and three unions seeking WARN Act pay); Walsh, et al. v. Consolidated Freightways Corporation, Case No. 03-1074 MG (Bank. C.D.Cal) (class of approximately 3000 employees seeking WARN Act pay); Grady, et al. v. Quantegy, Inc., Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); Austin, et al. v. New Century TRS Holdings, et al., Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); Salvador, et al. v. People's Choice Financial Corp., et al., Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); Viera, et al. v. Accredited Home Lenders, Inc., et al., Case No. 1:07-CV-00719-SS (W.D. Tex) (class of approximately 250 employees seeking WARN Act pay); Cimmino, et al. v. Foxtons, Inc., et al., Adversary Case No. 07-2201 (MBK) (Bankr. D. NJ) (class of approximately 250 employees seeking WARN Act pay); Meyers, et al. v. Barber & Ross Company, Adversary Case No. 07-05026 (Bankr. W.D. Vir.) (class of approximately 250 employees seeking WARN Act pay); Smith, et al. v. Merit Health Systems, LLC, Case No. 3:08-CV-0477-M (N.D. Tex) (class of approximately 300 employees seeking WARN Act pay); Quintero v. Mulberry Thai Silks, Inc., et al., Case No. 08-02294 (N.D. Cal.) (class of employees seeking WARN Act pay); and Koch, et al. v. American Home Mortgage Corp., Adversary Case No. 07-51688 (Bankr. D. Del.) (class of approximately

9

2300 employees seeking WARN Act pay). Ms. Olsen is currently involved in some 30 actions where class allegations under the WARN Act have been made.

c. **M. Vance McCrary**

21. M. Vance McCrary is a partner at The Gardner Firm. He attended the University of Alabama School of Law, graduating in 2001. He is admitted to practice law in the state and federal courts of Alabama, as well as the Eleventh Circuit U.S. Court of Appeals and the U.S. Supreme Court. Mr. McCrary's practice focuses on the litigation of mass tort, class action, toxic tort and complex product liability claims. Mr. McCrary regularly litigates labor and employment cases before state and federal courts. Mr. McCrary is lead class counsel in several state court class actions in Alabama and he is also co-lead class counsel in many nationwide class cases litigated in federal district courts and the bankruptcy courts on behalf of claimants seeking pay for violation of the WARN Act. He has served as class counsel in 9 other WARN Act class actions. Those WARN Act class actions include: Grady, et al. v. Quantegy, Inc., Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); Austin, et al. v. New Century TRS Holdings, et al., Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); Salvador, et al. v. People's Choice Financial Corp., et al., Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); Viera, et al. v. Accredited Home Lenders, Inc., et al., Case No. 1:07-CV-00719-SS (W.D. Tex) (class of approximately 250 employees seeking WARN Act pay); Cimmino, et al. v. Foxtons, Inc., et al., Adversary Case No. 07-2201 (MBK) (Bankr. D. NJ) (class of approximately 250 employees seeking WARN Act pay); Meyers, et al. v. Barber & Ross Company, Adversary Case

2300 employees seeking WARN Act pay). Ms. Olsen is currently involved in some 30 actions where class allegations under the WARN Act have been made.

c. **M. Vance McCrary**

21. M. Vance McCrary is a partner at The Gardner Firm. He attended the University of Alabama School of Law, graduating in 2001. He is admitted to practice law in the state and federal courts of Alabama, as well as the Eleventh Circuit U.S. Court of Appeals and the U.S. Supreme Court. Mr. McCrary's practice focuses on the litigation of mass tort, class action, toxic tort and complex product liability claims. Mr. McCrary regularly litigates labor and employment cases before state and federal courts. Mr. McCrary is lead class counsel in several state court class actions in Alabama and he is also co-lead class counsel in many nationwide class cases litigated in federal district courts and the bankruptcy courts on behalf of claimants seeking pay for violation of the WARN Act. He has served as class counsel in 9 other WARN Act class actions. Those WARN Act class actions include: Grady, et al. v. Quantegy, Inc., Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); Austin, et al. v. New Century TRS Holdings, et al., Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); Salvador, et al. v. People's Choice Financial Corp., et al., Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); Viera, et al. v. Accredited Home Lenders, Inc., et al., Case No. 1:07-CV-00719-SS (W.D. Tex) (class of approximately 250 employees seeking WARN Act pay); Cimmino, et al. v. Foxtons, Inc., et al., Adversary Case No. 07-2201 (MBK) (Bankr. D. NJ) (class of approximately 250 employees seeking WARN Act pay); Meyers, et al. v. Barber & Ross Company, Adversary Case

No. 07-05026 (Bankr. W.D. Vir.) (class of approximately 250 employees seeking WARN Act pay); Smith, et al. v. Merit Health Systems, LLC, Case No. 3:08-CV-0477-M (N.D. Tex) (class of approximately 300 employees seeking WARN Act pay); Quintero v. Mulberry Thai Silks, Inc., et al., Case No. 08-02294 (N.D. Cal.) (class of employees seeking WARN Act pay); and Koch, et al. v. American Home Mortgage Corp., Adversary Case No. 07-51688 (Bankr. D. Del.) (class of approximately 2300 employees seeking WARN Act pay). Mr. McCrary is currently involved in some 30 actions where class allegations under the WARN Act have been made.

22. I submit that Plaintiffs' counsel are experienced and well-suited to have negotiated the best resolution of this matter, considering the limited, unpledged resources of the Defendant under the circumstances.

**Proposed Class Counsel Fees and Expenses are Fair and Reasonable**

23. The proposed class counsel fees of one third of the class recovery (minus the Class Representative's service fee), plus expenses are reasonable. I note that there has not been a single WARN case which my firm has handled in which the Court has not agreed that a requested fee equal to one-third of the common fund class recovery was fair and reasonable. As shown by the Parties' joint motion, the Proposed Class Notice fairly apprises the class members that the undersigned are seeking one third of the common fund as attorneys' fees, plus expenses. I do not expect any class members to object to the reasonableness of the settlement or the fees and expenses sought. Indeed, in the entire history of my representation of tens of thousands of WARN claimants, fewer than one tenth of 1% of the class members have objected to any settlement or the reasonableness of attorney's fees (and such objections were denied). Courts throughout the nation have repeatedly found in cases my firm has handled that a one-third fee in

WARN class actions is reasonable and customary for the level of expertise and risk involved in such cases, accordingly no court has ever denied my firms' request for a fee of one-third of the recovery, In the plaintiff's employment law arena, the typical contingency fee retainer requires clients to consent to a fee of forty percent of the gross recovery. Importantly, my firm regularly spends hundreds of hours each year investigating WARN Act inquiries made by employees (as well as employers) to the Sugar Law Center which do not result in litigation and for which we are not compensated. Additionally, by their nature WARN Act cases which involve a plant shut down present a high degree of risk of recovery. Thus, over the years, my firm has litigated dozens of cases in which the Defendants were ultimately unable to pay, so that we received no fee for our work. In many other cases, the one-third fee we recovered was well below the rates set forth below. It was for these reasons, inter alia, that the Court in the Charter Behavioral Health Systems case held that a one-third fee which represented a multiplier of 3.7 times our rates was fair and reasonable. Notably, in this case, from the day we were engaged as counsel we recognized there was a serious question of Defendant's ability to pay any judgment we might obtain.

24.     Collectively, and as of today's date, Plaintiff's counsel have spent approximately 108 hours in the litigation of the Settlement Class' WARN claims which, at our rates[1] would equal approximately $51,000[2]. Based upon experience I would project that

---

[1] It is very difficult to assign an "ordinary billing rate" for the sort of work performed *in this case* because it is the sort that we would normally only accept on a contingency fee basis. With that said, in the local geographic market, and in my opinion, the following rates for my work, and the work of my co-counsel, are reasonable for this type of class action litigation, considering the complexity of the issues, the inherent risk of non-recovery associated with this case, coupled with each lawyer's years of experience in litigating complex labor and employment issues: my rate: $695; Mary Olsen's rate: $450 and M. Vance McCrary's rate: $350. Local counsel rates at

12

following preliminary approval of the settlement at least another $10,000 will be incurred in connection with matters such as: responding to class members inquiries, attending future hearings, preparing additional orders, and making sure all class members are located and paid their share of the settlement. All of these hours are reasonable and non-duplicative, as shown by the attached time summary sheets, which accurately reflects my time, as well as the time of other plaintiff's counsel, productively spent through the date of this affidavit. (Exhibit B-Time Records).

25. In addition, Plaintiff's counsel has incurred expenses and costs associated with the litigation of this case for which it seeks reimbursement from the common fund. The expenses and costs through today's date for The Gardner Firm, P.C., total $5432. All expenses have been calculated based upon the rates at which The Gardner Firm, P.C. customarily bills clients for such expenses. All of these expenses were reasonable and necessary and in furtherance of the litigation and ultimate settlement of this matter. Attached to the end of The Gardner Firm, P.C.'s summary of time, please find a true, correct and complete statement of that firm's itemized expenses incurred through today's date and which are directly attributable to the litigation in the above-captioned matter.

**Conclusion**

26. In view of the foregoing, the annexed exhibits and the joint motion in support of the settlement, I ask that the Court preliminarily approve the attorneys' fees sought in

---

$370 for a partner and $200 for an associate reflect what we were actually charged by them. I can represent to the Court that my rates are equal or lower than that of most attorneys with my level of experience and expertise in class action employee rights litigation-particularly in the area of WARN Act litigation.

the amount of one third the class recovery, minus the Service Fee, plus costs. Upon the final fairness hearing in this matter, after all settlement class members have been sent notice of the proposed settlement and had a reasonable period to consider the proposed settlement and an opportunity to opt-out or object to the reasonableness of the settlement or the fees and expenses sought, I ask that the court grant final approval of the Settlement, including the fees and expenses sought.

Dated: February _/_, 2009

_____
STUART J. MILLER

---

[2] We have not billed for paralegal time here.