# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOSEPH NOELL,**

    **Plaintiff,**

**v.**                                                              Case No. 8:08-cv-683-T-30TBM

**SUNCRUZ CASINOS and**
**OCEANS CASINO CRUISES, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Joint Motion for Order (1) Granting Class Certification for Purposes of Settlement Only; (2) Appointing Class Representative and Class Counsel; (3) Preliminarily Approving Settlement Agreement; (4) Approving Form and Manner of Notice to Class; (5) Scheduling a Final Fairness Hearing for the Final Consideration and Approval of the Settlement; and (6) Finally Approving the Settlement (Dkt. 19). The Court, having considered the motion and attached exhibits and being otherwise advised in the premises, finds that the Motion should be granted in part.

The Court approves the motion in all aspects except with respect to the Settlement Agreement provisions dealing with the payment of attorneys' fees. In Camden I Condominium Ass'n., Inc. v. Dunkle, 946 F.2d 768, 774 (11th Cir. 1991), the Eleventh Circuit held that attorneys' fees in common fund cases must be based on a reasonable percentage of the fund established for the benefit of the class, generally between 20-30%.

The Court in Camden acknowledged that there "is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded," and that "[t]he factors which will impact upon the appropriate percentage to be awarded as a fee in a case will undoubtedly vary." Id. at 774-775. The court also agreed with the Tenth Circuit in noting that the twelve factor analysis set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), continues to be appropriately used in evaluating, setting, and reviewing percentage fee awards in common fund cases. Id. at 775.

Among the factors considered here was the amount of time and labor required. The settlement agreement was reached at an early stage in the proceeding, reducing the amount of time and effort spent compared with bringing the dispute to trial. This factor is not heavily weighed, however, because the fees are based on a contingency arrangement. Significantly more time and labor could have been expended if the case had gone to trial for potentially the same fee.[1]

Given considerably more weight are the factors regarding the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly. This cause arises under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§2101 et seq. ("the WARN Act"). As cases arising under this Act are relatively infrequent, few lawyers and law firms handle them. In addition, the law firms representing Plaintiffs

---

[1] The Court notes that the hourly rates of Plaintiff's attorneys are high for the Tampa Bay area and were the hours expended a major consideration, that rate would not be allowed.

here are very experienced in WARN Act cases, having worked on, collectively, well over 100 WARN Act cases.

Here, the agreed contingency fee was one third (33.33%) of the Settlement Fund plus actual costs. The Common fund is $187,000.[2] Under the one third contingency fee schedule, Plaintiffs attorneys would receive $62,327, plus $5432 in costs. Plaintiff's attorneys have not demonstrated why they should be awarded a fee above the usual range of 20-30%. Therefore, this Court will not approve the one third contingency fee. Considering the questions involved and the experience of the attorneys, however, the Court will award 30%, which is at the high end of the usual scale. Counsel's total compensation is now $56,100, plus $5432 in costs.

It is therefore ORDERED AND ADJUDGED that:

1. The Joint Motion (Dkt. 19) is GRANTED in part and DENIED in part.

2. The Settlement Agreement is preliminarily approved except as to compensation of Class Counsel, which is awarded as stated in this Order.

3. The Class, as identified in Schedule 1 of the Settlement Agreement, is preliminarily certified, for settlement purposes only. The Court hereby preliminarily appoints, for settlement purposes only, the law firms of Lankenau & Miller, LLP and The Gardner Firm, P.C. as counsel for the class.

---

[2]The total settlement amount is $190,000. Noell, the plaintiff who initiated this action, will receive a $3000 service fee, taken from the Settlement Fund, as compensation for his service in representing the class. This leaves $187,000 in the Common fund before any other deductions, including attorney fees, are taken.

4. The form of the Notice and the service of the Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in Schedule 1 to the Settlement Agreement at his or her last known address contained int eh Defendant's records (as such information may be updated by Class Counsel's searches for current addresses) is hereby approved.

5. The Notice shall be mailed by first class mail by Class Counsel to the individuals identified in Schedule 1 to the Settlement Agreement within ten (10) business days following the entry fo this Order.

6. Objections or other responses to the final approval of the Settlement Agreement or to the proposed compensation of Class Counsel are to be filed with the Clerk of the Court and mailed to the entities listed in the Notice, via certified mail, return receipt requested so that they are received by no later than ten (10) days prior to the Fairness Hearing.

7. Class Members desiring to opt-out must mail the opt-out form attached to the Notice to the person listed in the Notice, via certified mail, return receipt requested so that is received by no later than ten (10) days prior to the Fairness Hearing.

**DONE** and **ORDERED** in Tampa, Florida on March 4, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-683.approve settlement.frm